IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jennifer Cooper ) | |
| ) | Civil Action No.6:07-1262-HFF-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| City of Fountain Inn, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the defendant's partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In her complaint, the plaintiff alleges causes of action against the defendant, her former employer, for discrimination based upon her sex and for retaliation, pursuant to the Title VII. The defendant has moved to dismiss the plaintiff's retaliation claim.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

**FACTUAL BACKGROUND**

According to the plaintiff's Complaint, she was employed with the defendant as a volunteer fire fighter. She alleges that the defendant denied her training, shift assignments, and proper equipment but provided such opportunities and items to male fire fighters. The plaintiff further contends that since February of 2004, she received no more assignments and that, as a result, she no longer had viable employment with the defendant.

The plaintiff also contends that an agent of the defendant sexually assaulted/harassed her daughter, who was a minor at the time, and that after reporting such an incident, she was retaliated against.

**APPLICABLE LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

**DISCUSSION**

As stated, the defendant has moved to dismiss the plaintiff's retaliation claim. Specifically, the defendant contends that the plaintiff's claim is improperly based upon alleged retaliation for her having reported sexual assault/harassment of someone who was not an employee of the defendant. The defendant argues that such conduct by the defendant is not an "unlawful employment practice," which the plaintiff could have "opposed" under Title VII's retaliation provision. *See* 42 U.S.C. § 2000e-3. The Court agrees and the plaintiff does not contend otherwise.

Title VII prohibits retaliation against an employee who has "opposed any practice made an *unlawful employment practice* by this subchapter or because [she] has . . . participated in any manner in an investigation, proceeding or hearing under this subchapter." 42 U.S.C. § 2000e-3 (emphasis added). As a result, "protected activity" under the statute falls into two categories: opposition and participation. *See E.E.O.C. v. Navy Federal Credit Union,* 424 F.3d 397, 406 (4th Cir. 2005).

Although it is not entirely clear, it appears that the plaintiff claims to have engaged in opposition activity, insofar as she claims to have reported alleged sexual assualt/harassment. (Compl. ¶ 14.) The Fourth Circuit has recognized that protected oppositional activities may include "staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities, as well as complain[ts]

2

. . . about suspected violations." *Id*. (internal citations and quotations omitted). But, opposition constitutes a protected activity only if the plaintiff could have "reasonably believed" that the opposed employment practice is unlawful. *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 338 (4th Cir. 2006). That inquiry is an objective one. *Id*. at 339.

In this case, however, it is not possible, based on the allegations of the Complaint, that the plaintiff had a reasonable belief that she was opposing an unlawful *employment* practice, prohibited by Title VII. Specifically, the plaintiff contends that she reported alleged sexual assault/harassment. (Compl. ¶ 7, 14.)  The only sexual assault/harassment described in the Complaint was allegedly against the plaintiff's daughter. (Compl. ¶ 6.) It is not anywhere averred or otherwise claimed that the daughter was an employee of the defendant.

As the statute itself explains, the plaintiff must have opposed an "unlawful employment practice." 42 U.S.C. § 2000e-3. Title VII limits "unlawful employment practices" to actions of employers taken against either "employees" or "applicants for employment." *See* 42 U.S.C. § 2000e-2. The Fourth Circuit has specifically held that a claim of harassment against non-employees or non-applicants is "not cognizable under Title VII." *Crowley v. Prince George's County, Maryland*, 890 F.2d 683, 687 (4th Cir. 1989); *see also Martin v. Mecklenburg County*, 151 Fed. Appx. 275, 279 n.2 (4th Cir. 2005) (describing *Crowley* as involving "discrimination *outside of the employment context* and thus not covered by Title VII" (emphasis added)). The plaintiff simply has not alleged retaliation for her opposition to any "employment practice" of the defendant.

The plaintiff has filed no response whatsoever to the defendant's motion to dismiss. She has not contested either the factual interpretation of her Complaint nor the legal arguments advanced by the defendant against it. To the Court, however, it would appear

that any such efforts would be unavailing because the matter seems clear. She has failed to plead a retaliation claim cognizable under Title VII.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED the defendant's partial motion to dismiss should be GRANTED.

                                            s/Bruce H. Hendricks
                                            United States Magistrate Judge

August 16, 2007
Greenville, South Carolina